*State v. Capture the Dream, LLC*, No. 593-9-16 Wncv (Teachout, J., Aug. 2, 2018).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                          **CIVIL DIVISION**
**Washington Unit**                                         **Docket No. 593-9-16 Wncv**

**STATE OF VERMONT**
    **Plaintiff**

    **v.**

**CAPTURE THE DREAM, LLC,**
**ADAM GERHARD, and REGINA FRANZ**
    **Defendants**


**Defendants' Motion in limine filed May 8, 2018**
**Plaintiff's Motion to file Sur-reply, filed June 22, 2018**


This case is ready for trial. The remaining claim for trial is a consumer fraud claim that Defendants made misrepresentations during the course of a Kickstarter campaign to raise funds in connection with upgrading drive-in movie theater equipment.

The Pretrial Scheduling Order in this case was issued January 10, 2017. As is customary, it had deadlines for written discovery requests, expert disclosures, depositions, dispositive motions, mediation, and a trial ready date. There were stipulated extensions of certain dates as the case progressed.

In December of 2015, well before the case was filed and during an investigation by the Office of the Attorney General (AG), Defendants had provided Plaintiff with a list of all participants in the Kickstarter campaign. There were approximately 120 people on the list.

On January 12, 2017, shortly after the Pretrial Scheduling Order was issued, Defendants propounded interrogatories to Plaintiff's counsel, who responded on February 16, 2017. In these interrogatories, Defendants asked for the identity of all persons "contacted or interviewed by the Office of the Vermont Attorney General, either in person, by phone or by any other means, during the course of the investigation which resulted in the filing of the Complaint," and asked numerous additional specific questions about such contacts. In response, Plaintiff identified 11 persons, two of them who were named as Defendants in this case. Defendants also asked for the identity of Kickstarter participants who had been contacted by the AG's office. Three were identified in the response. Defendants also asked for the identity and related information of any other persons contacted by the AG's office, and for copies of all documents provided to them by the AG's office. Two additional people were identified in the response.

On August 18, 2017, Plaintiff filed a Motion for Summary Judgment, and in response, Defendants filed a Cross Motion for Summary Judgment. The court issued a summary judgment

Decision on January 26, 2018 that left one claim remaining against two Defendants. The court extended the date to complete mediation to March 15, 2018 and received the Mediator's Report on March 12, 2018. On March 17, the court scheduled a pretrial status conference for April 16, 2018.

At the pretrial conference on April 16, 2018, during discussion, Plaintiff's counsel disclosed that the AG's office had recently reached out to the donors on the Kickstarter list and intended to call some of them as trial witnesses. Defendants objected. The court ordered Plaintiff's counsel to send to Defendants' counsel by April 27, 2018 the identity and contact information of all persons recently contacted. On April 27, 2018, the Plaintiff's counsel filed "Supplemental Discovery Responses" which apparently consisted of a spreadsheet of 120 names with telephone numbers next to some names, and a number of emails. Shortly thereafter, Defendants' counsel filed the Motion in limine now under consideration.

Defendants seek an order:
1.  Precluding Plaintiff from calling as a witness any person not previously disclosed as a person who had either complained or been contacted by the AG's office;
2.  Precluding the admission of any exhibit requested by Defendants in discovery and not previously disclosed by the discovery deadline; and
3.  Excluding testimony from specifically named persons except on conditions related to the remaining issue in the case.

Plaintiff opposes the motion on the grounds that there was no deadline for disclosing trial witnesses or exhibits, and that Defendants never asked for the identity of trial witnesses.

Plaintiff is correct that Defendants did not specifically ask for the identity of trial witnesses, and that there has not yet been a deadline for disclosure of trial witnesses or trial exhibits. However, it would be unusual for the court to set a deadline for the disclosure of trial witnesses or exhibits prior to the completion of summary judgment decisions + mediation + a pretrial conference.

Defendants' interrogatories, propounded immediately after the scheduling order, were very specific and sought a lot of information about the identity of witnesses who had information about the claims in the case. Both parties knew at that time that there were approximately 120 Kickstarter participants and both had the list of names, and it was reasonable for Defendants to seek in discovery to know which ones the State would be relying on. Typically, responses to such interrogatories provide guidance to a defendant's counsel in making judgments about whom to depose. The deadline for depositions was August 18, 2017.

Plaintiff did not begin contacting people on the Kickstarter participant list (other than those previously identified in interrogatory answers) until February of 2018, six months after the deposition deadline and after the summary judgment decision  It did not file a motion to extend the deadlines in the pretrial order or reopen discovery. It did not disclose until April 27, 2018, after the court ordered it to do so, contacts made for the first time to additional people on the participant list of 120 names.

Plaintiff's position is that Defendants did not ask the specific question about who would be called at trial and that there was no deadline for naming trial witnesses. Plaintiff's position is in direct conflict with the terms and spirit of the pretrial scheduling order for the orderly management of the case. V.R.C.P. 26 (f) (the trial court "shall enter an order. . ... .establishing a plan and schedule for discovery, setting limitations on discovery. . .as are necessary for the proper management of discovery in the action"); *Follo v. Florindo,* 2009 VT 11 ¶¶ 19-21.

The pretrial order set up an initial exploratory discovery opportunity followed by the opportunity for in-depth follow-up through depositions so that the Defendants, if they chose to use the opportunity, could know the basis for the Plaintiff's case and be prepared to proceed to mediation and summary judgment motion practice. Defendants' efforts to seek meaningful interrogatory discovery from Plaintiff were responsible and thorough. Based on the discovery responses, Defendants' counsel was in a position to decide whom to depose.

Defendants had no basis for imagining that later, when the case was ripe for trial, Plaintiff would seek to call as witnesses any number of people on a list of 120 about whom Plaintiff had not responded to discovery requests. It would be prejudicial to Defendant to have to go to trial without the opportunity to do followup discovery on the individuals that the Plaintiff wishes to call. To provide such an opportunity would be to permit Plaintiff, by unilateral action, to base its case on new evidence, acquired after the summary judgment decision, and to cause the initial discovery phase of the case to be started over again. Plaintiff has not ever filed a motion requesting to do or giving a reasonable basis for such action. Such a process would result in delay and an increase in litigation costs for Defendants.

It might be different if Defendants' counsel had made no effort to do discovery at all, but in this case Defendants' attorney sought to identify both the names of persons upon whom the Plaintiff would rely for information and specific information about contacts with them and did so in a very timely way, and the State provided answers but later sought to change its evidence in the case significantly after the discovery deadlines and obligations had passed. The court cannot condone such action. This is the kind of trial by ambush that the discovery rules and pretrial case management embodied in the Civil Rules is designed to preclude.

The discovery period is over. Plaintiff did not seek an extension in a timely motion and has never sought to reopen discovery and yet wishes to significantly expand its roster of trial witnesses in a manner that would either require a redo of the entire case or require Defendants to go to trial without the kind of information about the State's witnesses that they sought in discovery in January of 2017.

Defendants' Motion in limine is granted to the extent that Plaintiff is precluded from calling any person as a witness, including but not limited to any Kickstarter participant, not disclosed to Defendants prior to March 17, 2018 (the date the case was trial ready) as a person who had either complained to or been contacted by the AG's office.

Defendants' Motion in limine is also granted to the extent that any document requested in discovery and not provided in a timely manner shall not be admitted into evidence.

As to the request in the motion seeking to preclude the testimony of specific witnesses, the court does not have sufficient information to rule at this time. The motions with respect to such evidence may be renewed prior to or at trial.

## Other

Upon consideration of the discussion on April 16, 2018 concerning the possible use of an advisory jury, the court has determined not to do so. A court trial will be scheduled for one day.

## Order

1.  Plaintiff's Motion to file Sur-reply (MPR 15) is *granted.*

2.  Defendant's Motion in limine (MPR 14) is *granted in part as follows:*

    a.  Plaintiff is precluded from calling any person as a witness, including but not limited to any Kickstarter participant, not disclosed to Defendants prior to March 17, as a person who had either complained to or been contacted by the AG's office. Otherwise, the motion is denied but the motion may be renewed as to those issues.
    b.  Plaintiff is precluded from offering into evidence any document requested in discovery and not timely provided.

3.  The case will be scheduled for a one-day court trial. If the attorneys believe that more or less time is needed, they shall contact each other and the Clerk's office so that the appropriate amount of time can be scheduled. The attorneys shall notify the Clerk's office by August 14, 2018 of any dates in October that they or their witnesses are unavailable.

4.  The parties shall submit the names of all trial witnesses by August 14, 2018.

5.  The parties shall exchange lists of exhibits to be offered by August 14, 2018.

6.  Motions in limine concerning trial evidence shall be filed by September 7, 2018.


Dated at Montpelier, Vermont this _____ day of August 2018.


_____
Mary Miles Teachout
Superior Judge

4